```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

| | |
|---|---|
| CERTAIN UNDERWRITERS AT § | |
| LLOYD'S OF LONDON, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. H-06-3361 |
| § | |
| CORPORATE PINES REALTY § | |
| CORP., § | |
| § | |
| Defendant. § | |

## ORDER ON SANCTIONS

Presently pending before the court is Plaintiff's Second Motion for Sanctions (Docket Entry No. 67) and the response filed thereto. The motion is **GRANTED** in part, **DENIED** in part, for reasons stated below.

### I. Procedural Background

Plaintiff, Certain Underwriters at Lloyd's of London ("Underwriters"), issued to Defendant Corporate Pines Realty Corporation a commercial property insurance policy covering four office buildings in Houston, Texas. On or about April 8, 2006, Defendant reported vandalism damages to its insurance agent; the agent then filed a claim with Plaintiff.[1] In its notice of loss, Defendant reported that vandals had damaged property in the 6630 building (windows, walls, ceilings, doors, electric outlets and switches, and sinks) and had broken windows, doors to a mechanical

---

[1] Defendant's First Amended Answer and Counterclaim ("Answer and Counterclaim"), Docket Entry No. 15, p. 2.

room, and a roof hatch, in addition to removing several copper coils from roof-mounted air conditioning units in the 6640 building.[2] Defendant also stated that, as a result of the loss of air conditioning, the 6640 building had become unusable by its tenant, Ms. Lee Isata Konteh ("Tenant").[3]

Plaintiff filed this declaratory action on October 24, 2006.[4] Plaintiff asks the court to declare that it has no duty to indemnify Defendant for any damage to the Property because: (1) the theft exclusion to the vandalism provision of the Policy precludes coverage; (2) Defendant did not comply with the Policy's coinsurance requirement; (3) Defendant failed to cooperate with the claim investigation; and (4) Defendant was not entitled to lost business income because its loss was not a "covered loss" under the Policy.[5] Defendant has counterclaimed for: (1) breach of contract for failure to pay Defendant's vandalism losses; (2) violation of Article 21.21 of the Texas Insurance Code for refusing to advance money for repairs; (3) violation of Article 21.55 of the Texas Insurance Code for unfair and untimely treatment of Defendant's claim; and (4) breach of the common law duty of good faith and

---

[2] Id. at pp. 1-2; see also Complaint, Docket Entry No. 1, p. 2.

[3] Answer and Counterclaim, Docket Entry No. 15, p. 3.

[4] Complaint, Docket Entry No. 1, p. 2.

[5] See id. at pp.3-7.

fair dealing.[6]  In addition to damages for violations of the Texas Insurance Code and breach of the duty of good faith and fair dealing, Defendant requests relief in the form of building repairs, lost business income, and attorney's fees.[7]

On August 8, 2007, Underwriters filed its first motion to compel, complaining that, although Yigal Bosch ("Bosch"), Defendant's principal, appeared for deposition, he failed to produce many of the requested documents and, instead, produced documents that inspection revealed to be unrelated to the present dispute.  At the September 17, 2007, hearing on the motion, Defendant's counsel explained that his client did not keep business records generally, or, more specifically, records of rent income for the insured property.  The court ordered that Defendant produce copies of its bank statements if available.  And, because Defendant failed to keep records that would reflect its claim of rental income, the court ordered Defendant to reimburse Plaintiff for its search for such information at Defendant's bank, if necessary.

After Tenant failed to appear for her deposition, the court ordered that Tenant's deposition be held at the courthouse and that the deposition notice and subpoena duces tecum be served by the United States Marshal.  The court denied Plaintiff's request for costs associated with the motion.

---

[6]   See Answer and Counterclaim, Docket Entry No. 15, p. 5-6.

[7]   Id.

Tenant appeared for her deposition but failed to produce the documents requested, explaining that Defendant's property manager told her she did not need to bring them.  This prompted Plaintiff's Motion to Exclude Evidence and for Monetary Sanction (Docket Entry No. 31).  In the motion, Plaintiff recounted that Defendant had made a claim for lost income based on two unsigned leases.  Neither the leases nor any evidence of rent payments had been produced pursuant to Federal Rule of Civil Procedure 26.  The motion also recounted numerous discovery problems encountered by Plaintiff along with unexplained discrepancies in testimony by Mr. Bosch concerning lost income.  The motion sought exclusion of Defendant's claim for lost income at trial and $10,000 for attorney's fees incurred in discovery on that issue.

After consideration of Defendant's response, the court granted Plaintiff's motion to exclude any evidence of Defendant's alleged business income loss pursuant to Rule 37(b)(2).[8]  The court withheld ruling on monetary sanctions.[9]  Three months later, in a motion for reconsideration, Defendant admitted that at the time of the vandalism, it had no tenant and no executed lease.  Instead, it argued it was claiming lost income based on an inability to lease to future tenants, damages based on comparable rents in the area,

---

[8]   See Memorandum and Recommendation, Docket Entry No. 42, p. 7.

[9]   Id.

and a lease deposit made by Tenant.[10]  This admission was directly contrary to Defendant's earlier position that it had a valid lease with Tenant and had lost her as a tenant because of the vandalism. The court denied Defendant's motion for reconsideration.[11]

In March 2008, Plaintiff discovered that Defendant had filed an amended answer and counterclaim in July 2007 without leave of court and after expiration of the deadline for amended pleadings. Plaintiff moved to strike the amended pleading, claiming that it was not served this document and only became aware of it during preparation of the Joint Pretrial Order.  The court denied Plaintiff's motion but allowed Plaintiff additional time for discovery on Defendant's bad faith claim.[12]  The pending motion arises out of that discovery.

Underwriters requested that Defendant produce documents supporting its contention that it complied with conditions precedent set forth in the insurance policy.  It also submitted requests for admission to Defendant.  After receiving Defendant's responses to this discovery and attempting to gain more precise information from Bosch via a deposition, Plaintiff filed a second motion to compel, arguing that Defendant provided incomplete,

---

[10]    See Defendant's Motion for Reconsideration, Docket Entry No. 63, pp. 2-3.  This motion was denied on May 20, 2008.  See Order, Docket Entry No. 66. Neither Defendant nor Konteh was able to produce a copy of that deposit check.

[11]    See Order, Docket Entry No. 66.

[12]    See Minute Entry Order, Docket Entry No. 62.

evasive and argumentative responses to this discovery. After hearing argument from counsel on the motion, the court allowed Defendant additional time to marshal documents supporting its bad faith claim. The court also requested that Bosch clarify his responses to discovery at a hearing before the court.

At the hearing, Bosch provided confusing, evasive and argumentative testimony concerning the existence of documents supporting Defendant's bad faith claim. Although it appears that Defendant may have no documents supporting its bad faith claim, Bosch will not admit that certain categories of documents do not exist. At the hearing, Defendant produced a document to support its bad faith claim that had clearly been altered to change the description of the reported claim from theft to vandalism. This document is presently in the court's vault.

After hearing from counsel and from Defendant's representative, the court finds that Defendant's answers to requests for production and requests for admission were incomplete and evasive. The court also finds that Bosch's testimony on the existence of documents was argumentative and non-informative. The court concludes that Defendant obstructed discovery on its bad faith claims without just cause and that sanctions are warranted.

Plaintiff argues that an appropriate sanction for Defendant's conduct would be to strike Defendant's counterclaim and impose attorney's fees. The court agrees, in part, as discussed below.

## II. Analysis

The court has discretion under both the Federal Rule of Civil Procedure 37 and its inherent powers to sanction a party for discovery abuse. Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1033 (5th Cir. (1990).  Rule 37(b)(2)(C) authorizes a court to strike a party's pleadings or enter a default judgment as a sanction for failing to comply with a discovery order.  Such a dismissal of a claim is warranted only when the failure to comply results from willfulness or bad faith and where the deterrent value of Rule 37 cannot be achieved by less drastic means.  Smith v. Smith, 145 F.3d 335, 344 (5th Cir. 1998)(citing Bluitt v. Arco Chem. Co., 777 F.2d 188, 190 (5th Cir. 1985)).  Deliberate, repeated failures to comply with discovery requests have been held to justify the ultimate sanction of dismissal of a claim.  Emerick v. Fenick Indus., Inc., 539 F.2d 1379, 1381 (5th Cir. 1976).

The court has already sanctioned Defendant for discovery abuse by not permitting it to present evidence of lost income at trial. The court agrees with Plaintiff that Defendant has provided incomplete, evasive and contradictory answers to discovery and Bosch's attitude toward discovery and the court is contemptuous. However, the court finds that there are less drastic means to address Defendant's discovery abuses than dismissal of its bad faith insurance claims.

### III. Conclusion

Plaintiff's Second Motion for Sanctions is **GRANTED** in part, **DENIED** in part.  Defendant is sanctioned as follows:  First, Defendant is barred from producing any document in support of its counterclaim that was not produced to Plaintiff before or during the hearing on August 15, 2008.  Second, Defendant is barred from offering testimony in support of its counterclaim that significantly varies from testimony offered in discovery or before the court on August 15, 2008.  Third, Plaintiff is awarded its attorneys fees attributable to this discovery abuse.

Plaintiff will have an opportunity at trial to present evidence on the appropriate amount of monetary sanctions for this conduct and the discovery abuse that was the subject of an earlier motion.

**The parties will appear at docket call on Friday, October 10, 2008, at 4:00 p.m., in Courtroom 9B, before the Honorable Sim Lake.**  No instrument filed within seven days of docket call will be considered.  All pending motions may be ruled on at docket call, and the case will be set for trial if the complete joint pretrial order has been filed.  **A Joint Pretrial Order and any motions in limine must be filed by October 3, 2008.**  Plaintiff is responsible for timely filing the complete joint pretrial order.  The court will not accept separate versions of the pretrial order.

**SIGNED** this 25th day of September, 2008, in Houston, Texas.

Nancy K. Johnson
United States Magistrate Judge